DAVID A. HUBBERT
Deputy Assistant Attorney General

KENTON MCINTOSH (DCBN 1656705)
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Phone: (202) 514-3768
Fax:     (202) 307-0054
Kenton.McIntosh@usdoj.gov
Western.TaxCivil@usdoj.gov

*Counsel for United States of America*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEUMANN, LTD dba NEUMANN ENTERPRISES LIMOUSINE,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant. | Case No.: 2:24-cv-01590-DAD-DB<br><br>**UNITED STATES' ANSWER** |

The United States of America answers as follows. Any facts not explicitly admitted are denied. To clearly respond to Plaintiff's complaint, the United States has copied the complaint verbatim.

  1.     *This is an action arising under the internal revenue laws of the United States for the recovery of the Employee Retention Credit denied and repayment assessed and collected from Plaintiff.*

  **Response:** Paragraph No. 1 consists only of Plaintiff's description of the general laws under which it brought this proceeding and contains no allegation. To the extent this statement does contain any allegation to which the United States is required to respond, the United States denies any such allegations.

2.       *Jurisdiction is conferred on this Court by Title 28, United States Code, Section 1346(a)(1), and Title 26, United States Code, Section 7422.*

**Response:** The United States denies for lack of knowledge as explained in its response to Paragraph 7.

3.       *Plaintiff is a domestic corporation formed under the laws of the state of California, with its principle place of business as 1421 Richards Blvd, Sacramento, CA 95811.*

**Response:** Admits.

4.       *The defendant is the United States of America.*

**Response:** Admits.

5.       *On or about January 31, 2021, plaintiff timely filed timely quarterly payroll taxes Form 941 for tax periods: 4th Quarter of 2020 with the Internal Revenue Service and paid the appropriate amount of taxes.*

**Response:** The United States admits that it received a Form 941 from the Plaintiff on or around January 31, 2021 for the 4th Quarter of 2020 and avers that the IRS transcript notes that a Form 941 was processed on March 1, 2021. The United States admits that Plaintiff paid all of the tax owed according to this Form 941.

6.       *On October 31, 2021, plaintiff timely filed timely quarterly payroll taxes Form 941 for tax periods: 3rd Quarter of 2021 with the Internal Revenue Service and paid the appropriate amount of taxes.*

**Response:** The United States admits that it received a Form 941 from the Plaintiff on or around October 31, 2021 for the 3rd Quarter of 2021 and avers that the IRS transcript notes that a Form 941 was processed on November 22, 2021. The United States admits that Plaintiff paid all of the tax owed according to this Form 941.

7. *On approximately March 1, 2023, plaintiff timely filed timely 941-Xs, claiming the Employee Retention Credit for tax periods: 4th Quarter of 2020 and 3rd Quarter of 2021 with the IRS claiming a total amount of $450,540.70 or $224,732.06 and $225,808.64, respectively.*

**Response:** The United States admits that Plaintiff has provided Forms 941-X for the 4th Quarter of 2020 and 3rd Quarter of 2021 to the undersigned counsel that appear to be signed by Plaintiff's president and dated February 23, 2023. The United States avers that the IRS was unable to find these returns among its records. If Plaintiff failed to duly file these returns and/or did not wait more than six months from duly filing them prior to filing this suit, then the Court lacks jurisdiction to consider the Plaintiff's claims pursuant to 26 U.S.C. §§ 6532(a) and 7422.

8. *As of the date of this filing, the IRS has not processed and paid the refund due to the plaintiff. As such more than six months has elapsed since the IRS received the request for a refund. This exceeds the timeframe described in Title 26, Unites States Code, Section 6532(a).*

**Response:** Admits that the IRS has not made the refunds to Plaintiff that are requested on the Forms 941-X described in paragraph 7. Otherwise denies.

9. *According to the CARES Act Section 2301, one of the ways to qualify for the credit is when an eligible employer suffered a significant decline, where gross receipts in 2020 are less than 50% when compared to the same quarter in 2019 and Title 26, United States Code, Section 3134 created a similar test for 2021 where gross receipts are less than 80% when compared to the same quarter in 2019.*

**Response:** Admits to the extent "the credit" is intended to refer to the Employee Retention Credit.

10. *The plaintiff qualifies for the Employee Retention Credit because the plaintiff is a corporation that suffered a significant decline in gross receipts in which the total gross receipts for the above-mentioned quarters were less than 50 percent or 80 percent of the appropriate quarter in 2019.*

**Response:** The United Stated denies for lack of knowledge.

3

### FIRST DEFENSE

To the extent Plaintiff's basis for a refund set forth in the complaint was not contained in Plaintiff's claims for refund, it constitutes a variance from the claim for refund filed with the Internal Revenue Service. This Court lacks jurisdiction under 26 U.S.C. § 7422(a) to hear any such alternative claim. *Boyd v. United States*, 762 F.2d 1369, 1371–72 (9th Cir. 1985).

### SECOND DEFENSE

If the Court determines that the Plaintiff has made any overpayment of tax, the United States is entitled, pursuant to 26 U.S.C. § 6402, to reduce any such overpayment based on any additional tax liabilities that the Plaintiff may owe, whether or not previously assessed or alleged.

### THIRD DEFENSE

Additionally, Plaintiff's entire tax liability for the litigated tax periods is at issue in this refund suit, and the United States is therefore entitled to reduce any overpayment by any additional tax liabilities that the Plaintiff might owe from this redetermination. *Lewis v. Reynolds*, 284 U.S. 281 (1932); *R.H. Donnelley Corp. v. United States,* 641 F.3d 70 (4th Cir. 2011).

### FOURTH DEFENSE

To the extent that Plaintiff failed to duly file claims for refund and/or did not wait more than six months from duly filing them prior to filing this suit, then the Court lacks jurisdiction to consider the Plaintiff's claims pursuant to 26 U.S.C. §§ 6532(a) and 7422.

Respectfully submitted August 6, 2024.

DAVID A. HUBBERT
Deputy Assistant Attorney General

/s/ Kenton McIntosh
KENTON MCINTOSH
Trial Attorneys, Tax Division
U.S. Department of Justice

*Counsel for United States of America*

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the foregoing has been made this 6th day of August, 2024, via the Court's ECF system to all users.

*/s/ Kenton McIntosh*
KENTON MCINTOSH
Trial Attorney, Tax Division
U.S. Department of Justice
